Cause No. _____ 83,934-02

# IN THE COURT OF CRIMINAL APPEALS
## At AUSTIN, TEXAS

IN RE FREDDIE LEE TUBBS, Relator,

V.

HONORABLE JACK A. McGAUGHEY, Respondent.

## PETITION FOR WRIT OF MANDAMUS

On petition for a writ of mandamus; an ORDER to the
97th Judicial District Court of Montague County, TEXAS
Cause No. 2011-0153M-CR

---

LISIAN Dardin / Clerk
Montague County District Clerk
101 Franklin Street
Montague, Texas 76251-0512


Jack A. McGaughey / Judge
97th Judicial District Court
101 Franklin Street
Montague, Texas 76251-0512
          Respondents.

Freddie Lee Tubbs #1830304
TDCJ-PACK 1 Unit
2400 Wallace Pack Road
Navasota, Texas 77868

                    Relator

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 30 2015
Abel Acosta, Clerk

TO THE HONORABLE JUDGE OF THE COURT OF APPEALS:

Relator, respectfully submit this Petition for Writ of Mandamus, to compel, Lisian Dardin/Clerk for the Montague County District Clerk's Office in Montague County, Texas, to issue an "ORDER" compelling the Respondent to transmit a copy of his Application for Writ of Habeas Corpus to the Court of Appeals; pursuant to Tex. Code Crim. Proc., Art. 2.21 and 11.07, sec. 3(c), and would show the Court the following:

## I. Jurisdiction

The Court of Appeals has jurisdiction to issue a Writ of Mandamus against a District Clerk, District County Judge or County Court Judge in their respected district, and they may issue "ALL" writs necessary to enforce their jurisdiction. See Tex. Gov't Code §§ 22.221(A) and 22.221(b). If the trial court denies the Application for Writ of Habeas Corpus, or fails to respond, relief may be sought by filing a Application for Writ of Mandamus in a Court of Appeals. This Court has jurisdiction to grant Relator's Petition for Writ of Mandamus pursuant to Art. V, §3, of the Texas Constitution and Gov't Code § 22.002.

## II.

## Relator

Freddie Lee Tubbs #1830304, is an offender incarcerated in the Texas Department of Criminal Justice, and is appearing pro se, who can be located at the Wallace Pack Unit, 2400 Wallace Pack Road, Navasota,

TEXAS 77868. Relator has exhausted his remedies and has "NO" other adequate remedy at law. The act sought to be compelled is ministerial, "NOT" discretionary in nature. Tex. Code Crim. Proc., Art. 11.07, sec. 3(c), requires Respondent to immediately transmit to the Court of Criminal Appeals a copy of the Application for Writ of Habeas Corpus, any answer filed, and a certificate reciting the date upon which that findings was made, if the convicting court decides that there are "NO" issues to be resolved. "NO" copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that findings was made, and has been transmitted to the Court of Criminal Appeals. Had such document been transmitted to the Court of Criminal Appeals by Respondent as required by statute, Relator would have received notice from the Court of Criminal Appeals.

## III.

### Respondent

Respondent, Lisian Dardin in her official capacity as the District Clerk of Montague County, Texas, has a ministerial duty to receive and file "ALL" papers in a criminal proceeding, and perform "ALL" other duties imposed on the Clerk by law pursuant to Tex. Code Crim. Proc., Art. 2.21, and is responsible under the authority of Tex. Code Crim. Proc. Art. 11.07, sec. 3(c), to immediately transmit to the Court of Criminal Appeals a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made if the convicting court decides that there are "NO" issue to be resolved. Lisian Dardin, District Clerk, Montague County, may be served at her place of business

At 101 Franklin Street, Montague, Texas 76251-0512.

## IV.

## VIOLATION OF ARTICLE 11.07, OF THE TEXAS CODE OF CRIMINAL PROCEDURE

The Respondent violated Article 11.07, Section 3(c), of the Texas Code of Criminal Procedure, by failing to provide a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

As it is clear, Relator has put Respondent on notice that Relator seeks the transmittal of a copy of the application for "Writ of Habeas Corpus", any answer filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on Relator's Writ of Habeas Corpus. Relator has gone well beyond any requirement or obligation imposed upon him by the Texas Code Criminal Procedure. In contrast to Relator's efforts, Respondent has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07, Section 3(c), is acting in bad faith, and has also failed to afford Relator the professional and common courtesy of any written responses to his requests.

Article 11.07, Section 3(c), clearly states that "if the convicting court decides that there are 'NO' such issues, the clerk 'SHALL' immediately transmit to the Court of Criminal Appeals a copy of the application, any answers

filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days "SHALL" constitute such a findings. "Texas Code of Criminal Procedure Article 11.07, Section 3(c). Respondent is IN VIOLATION of this procedure, ministerial duties, and thus the laws of this state.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Relator Freddie Lee Tubbs (pro se), respectfully request a finding that the Respondent did "NOT" transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that Relator brought this litigation in good faith and has substantially prevailed. Relator prays for an "ORDER" directing Respondent to transmit a copy of the application for Writ of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that findings was made to the Court of Criminal Appeals as directed in Article 11.07, Section 3(c) of the Texas Code of Criminal Procedure.

Respectfully Submitted

x- Freddie Tubbs

## UNSWORN DECLARATION

I, Freddie Lee Tubbs #1830304, being presently incarcerated in the Texas Department of Criminal Justice at the Pack I Unit in Grimes County, Texas, declares under penalty of perjury that according to my belief, the facts stated in the above "Writ of Mandamus", are true and correct.

Executed on the 28th day of September, 2015.

X - Freddie Tubbs

## CERTIFICATE OF SERVICE

I, Freddie Lee Tubbs #1830304, do hereby certify that a true and correct copy of the following Writ of Mandamus, is being placed in the U.S. Mail postage prepaid on the 28th day of September, 2015.

Addressed to:

Abel Acosta / Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

Paige Williams / District Attorney
District Attorney's Office
101 Franklin Street
Montague, Texas 76251-0512

Lisian Dardin / Clerk
Montague County District Clerk
101 Franklin Street
Montague, Texas 76251-0512

X - Freddie Tubbs

Jack A. McGaughey / Judge
97th Judicial District Court
101 Franklin Street
Montague, Texas 76251-0512